## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SAMUEL B. SANDOVAL,

     Plaintiff,

v.                                                CV 14-82 CG

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Samuel Sandoval's *Motion for Attorney Fees Under Equal Access to Justice Act (EAJA), With Supporting Memorandum*, ("Motion"), (Doc. 25), filed March 31, 2015; Defendant's *Objection to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA)*, ("Response"), (Doc. 26), filed April 14, 2015; and Plaintiff's *Reply to Defendant's Objection to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA)*, ("Reply"), (Doc. 27), filed April 20, 2015. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

### I.    Background

On July 15, 2010, Mr. Sandoval filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. On July 27, 2010, Mr. Sandoval filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c. In both

applications, Mr. Sandoval alleged disability commencing February 1, 2001. His claim

for benefits was initially denied, and again upon reconsideration. A request for a hearing

was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who

issued an unfavorable decision. Mr. Sandoval then filed an application for review by the

Appeals Council, which was also summarily denied.

Thereafter, Mr. Sandoval appealed to this Court, arguing that the ALJ committed

reversible, legal error by failing to: (1) find a severe mental health impairment at step

two; (2) consider the effect of those mental health impairments on Mr. Sandoval's

residual functional capacity ("RFC") at step four; and (3) provide a reasonable

explanation for the conflict between the VE's testimony and the Dictionary of

Occupational Titles ("DOT") at step five. (Doc. 16 at 4, 10). Because the ALJ failed to

consider probative evidence that was inconsistent with the RFC finding, this Court

remanded the case to the Commissioner for further proceedings in its *Memorandum

Opinion and Order* ("Order"). (Doc. 23).

Mr. Sandoval now moves this Court for attorney's fees pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). He argues that an award of fees is

appropriate because he is the prevailing party, his net worth is less than $2,000,000.00,

and the Commissioner's position in defending the action was not substantially justified.

(Doc. 25 at 1).

The Commissioner responds that Mr. Sandoval's request for fees under EAJA

should be denied, because the Commissioner's position in this case was substantially

justified. (Doc. 26 at 1). The Commissioner contends that given the facts of the case, it

was reasonable for the Commissioner to defend the ALJ's decision. (Doc. 26 at 1-2). In

Mr. Sandoval's Reply, he asserts that the Commissioner has failed to present evidence that the ALJ properly explained the weight he afforded medical assessments in the record and that, as a result, the Commissioner's position was not substantially justified. (Doc. 27 at 1).

**II.    Analysis**

A. _Standard of Review_

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." _Hackett v. Barnhart_, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." _Hackett_, 475 F.3d at 1172 (citing _Gilbert v. Shalala_, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." _Hadden v. Bowen_, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing _Pierce v. Underwood_, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." _Hadden_, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" _Cherry v. Barnhart_, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing _Martinez v. Sec'y of Health and Hum. Servs._, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position

can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

     B.  *The Commissioner's Position Was Not Substantially Justified*

     In this case, the Court remanded the ALJ's decision because the ALJ failed to consider probative evidence that was inconsistent with the RFC finding. (Doc. 23 at 2). The Court found that while the ALJ discussed a 2011 psychological evaluation of Mr. Sandoval conducted by Dr. Richard Laughter, the ALJ failed to discuss several other findings of Dr. Laughter that supported a finding of disability. Dr. Laughter opined that Mr. Sandoval was "improving but is not at baseline" and that "[h]e is unable to work due to the severity of his symptoms." (Administrative Record "AR" 728). Dr. Laughter also consistently reported a Global Assessment of Functioning ("GAF") score of 50 throughout his treatment of Mr. Sandoval.[1] (AR 726, 728, 730). The Court found that the ALJ failed to weigh Dr. Laughter's medical opinions, and impliedly accepted portions of Dr. Laughter's assessments that supported her RFC finding while rejecting other findings without explaining why she found them unpersuasive. (Doc. 23 at 12-13).

     The Court further held that the ALJ's failure to discuss these findings was not harmless, given that Mr. Sandoval had been examined by Dr. Laughter on a regular basis since December 2011, and Dr. Laughter's findings were largely inconsistent with the ALJ's RFC determination that Mr. Sandoval did not have any mental limitations that

---

[1] "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." *Langley v. Barnhart*, 373 F.3d 1118, 1122 n.3 (10th Cir. 2004) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) [DSM–IV–TR] at 32). A GAF score between 41-50 indicates "[s]erious symptoms ... [or] serious impairment in social, occupational, or school functioning." *Pisciotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (citing *Langley*, 373 F.3d at 1122 n.3). GAF scores between 41 and 50 suggest an inability to keep a job. *Id.*

inhibited his ability to work. (Doc. 23 at 13-14). As a result, the Court could not find that, even after considering Dr. Laughter's treatment notes and assessments, no reasonable administrative factfinder could conclude that Mr. Sandoval's ability to work was not limited by his mental impairments. (Doc. 23 at 15).

Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to discuss probative evidence inconsistent with the RFC finding, including weighing Dr. Laughter's medical opinions in the administrative decision, and defending that error in the subsequent litigation. *Hartter v. Apfel*, No. 99-3095, 202 F.3d 282, *2 (10th Cir. Jan. 11, 2000) (unpublished).  This Court finds that the Commissioner has not.

The Commissioner argues that her position defending the ALJ's analysis was substantially justified because, while the ALJ did not address portions of Dr. Laughter's assessment that were inconsistent with her RFC finding, there was otherwise sufficient medical evidence in the record to support the RFC finding. (Doc. 26 at 4-5). The Commissioner also contends that the ALJ adequately discussed Mr. Sandoval's mental impairments in her analysis at step two, where she found Mr. Sandoval's mental impairments to be non-severe. (Doc. 26 at 5-6).

As the Court explained in its Order, the ALJ improperly accepted portions of Dr. Laughter's assessments and rejected others without explaining her reasons for doing so. (Doc. 23 at 13); *see Confere v. Astrue*, No. 06-4217, 235 Fed. Appx. 701, 704 (10th Cir. April 24, 2007) (unpublished) (citing *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007). While Dr. Laugher's reports included a statement that Mr. Sandoval cannot work due to his symptoms, which is an issue reserved to the Commissioner, Dr.

Laughter's findings remained probative evidence that must be evaluated. *See Lakey v. Barnhart* , No. 04-7041, 127 Fed. Appx. 455, 457 (10th Cir. April 5, 2005) (unpublished) (citing 20 C.F.R. § 404.1527(e)) (holding that while medical findings regarding the ultimate question of disability are not medical opinions, they remain evidence that must be evaluated). The ALJ erred by failing to mention Dr. Laughter's statement that Mr. Sandoval "is unable to work due to the severity of his symptoms." (Doc. 23 at 12). The Commissioner has not explained why she was substantially justified in defending this error.

Moreover, Dr. Laughter's assessments included medical opinions that must be weighed. *See* 20 C.F.R. §§ 404.1527(b), 416.927(b). Indeed, the Tenth Circuit has continuously held that an ALJ cannot ignore a claimant's GAF score as a medical opinion in determining whether she is disabled. *See Givens v. Astrue*, No. 07-5021, 251 Fed. Appx. 561, 567 (10th Cir. Oct. 18, 2007) (finding the ALJ erred by not analyzing the claimant's GAF score as a medical opinion, as required by the regulations and case law); *Simien v. Astrue*, No. 06-5153, 2007 WL 1847205, *2 (10th Cir. June 28, 2007) (remanding ALJ decision where he ignored child claimant's GAF scores in his analysis). Here, the ALJ mentioned a GAF score of 51, but did not explain the weight afforded that assessment, or mention the subsequent GAF scores of 50. In addition, the ALJ did not mention Dr. Laughter's opinion that Mr. Sandoval was "improving but is not at baseline." Again, it is well-established that failure to weigh medical opinions, and provide adequate reasoning for their weight, is clear legal error, *see Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880, 884 (10th Cir. Aug. 8, 2007) (unpublished), and the Commissioner has not shown that her defense of this failure was substantially justified.

6

The Commissioner also took the position that any error with regard to the consideration of Dr. Laughter's findings was harmless, since there was sufficient evidence in the record to indicate the ALJ would not have found it persuasive, and that no reasonable factfinder could have resolved the matter in any other way. (Doc. 23 at 13-15; Doc. 20 at 15). This argument also fails. Under Tenth Circuit jurisprudence, such an error is harmless only in the exceptional circumstances where the court can confidently say that no reasonable administrative factfinder could have resolved the matter in any other way. *Allen v. Barnhart*, 375 F.3d 1140, 1145 (10th Cir. 2004). In the context of analyzing objective evidence, there is a greater need for extensive analysis where the evidence conflicts with the ultimate functional capacity finding. *Wall v. Astrue*, 561 F.3d 1048, 1068-69 (10th Cir. 2009). Here, Dr. Laughter's assessments stem from a continuous, examining relationship, are supported by other objective evidence in the record, *see* AR 567-73, and suggest that Mr. Sandoval suffers from severe psychological symptoms that affect his ability to work. (AR 726, 728, 730). These findings are in conflict with the ALJ's ultimate RFC determination that Mr. Sandoval's mental impairments did not affect his ability to work. Based on established caselaw and the facts presented, the Court cannot say that the Commissioner's position that any error was harmless was substantially justified.

The Commissioner emphasizes that in the ALJ's analysis at step two she acknowledged Mr. Sandoval's mental disorders, engaged in analysis, and concluded that they were not "severe" under the Regulations. (Doc. 26 5-6). The Commissioner argues that the analysis at this point was supported by the medical record, and that the Court "expressly found [it] to be without error." (Doc. 26 at 5). The Commissioner has

misunderstood the Court's findings. The Court found that Mr. Sandoval's argument that the ALJ erred at step two failed as a matter of law because the ALJ found that Mr. Sandoval had at least one other "severe" impairment. (Doc. 23 at 9). As the Court explained in its Order, if an ALJ finds that a claimant has at least one severe impairment, then she may not deny benefits at step two, and must proceed to step three. *See Dray v. Astrue*, No. 09-7058, 353 Fed. Appx. 147, 149 (10th Cir. Nov. 17, 2009) (unpublished). Because the ALJ found that Mr. Sandoval had other severe impairments, any error with respect to step two was harmless, and therefore not reversible. (Doc. 23 at 9). While any error at step two may have been harmless, that does not necessarily mean that the ALJ's analysis of Mr. Sandoval's mental impairments was adequate in determining his RFC.  Indeed, as explained above, it was not.

The Commissioner further contends that given Mr. Sandoval's medical record as a whole, a reasonable person could have agreed with the assessment of Mr. Sandoval's functional abilities and the disability finding. (Doc. 26 at 3, 4-5). The Commissioner explains that in determining whether her position was substantially justified, the question is not whether the ALJ's decision is supported by substantial evidence, but whether the Commissioner's position was reasonable in law and fact. (Doc. 26 at 3). The Court agrees that the standard for whether a position is substantially justified is one of reasonableness. However, "the issue [is] not whether a reasonable person could have determined [Mr. Sandoval] was not disabled" based on the medical record. *Ott v. Charter*, No. 96-3163, 106 F.3d 414, *2 (10th Cir. Jan. 24, 1997) (unpublished). Rather, the issue is whether the Commissioner met her burden to show that she was

substantially justified in failing to address Dr. Laugher's findings in the administrative decision, and justifying that error in the subsequent litigation. *Id.* The Court finds that the Commissioner's defense of the ALJ's failure to consider probative evidence and weigh Dr. Laughter's medical opinions in the record, in contravention of well-settled case law, was not reasonable.

Therefore, based on these critiques of the ALJ's analysis of the medical evidence, this Court finds that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768-69 (10th Cir. Dec. 14, 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons in favor of his own opinion).

### III.   Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Sandoval is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Mr. Sandoval's *Motion for Attorney Fees Under Equal Access to Justice Act (EAJA), With Supporting Memorandum*, (Doc. 25), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $2,500.40. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE